UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

MARK GORTMAN,

                              Petitioner,

        v.                                                      9:26-CV-0487
                                                                (MAD)
UNITED STATES GOVERNMENT,

                              Respondent.

_____

APPEARANCES:                                        OF COUNSEL:

MARK GORTMAN
Petitioner, pro se
Essex County Jail
P.O. Box 68
Lewis, New York 12950

MAE A. D'AGOSTINO
United States District Judge

## DECISION and ORDER

## I.      INTRODUCTION

Petitioner seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2241.  Dkt. No. 1, Petition ("Pet.").

On March 30, 2026, the case was administratively closed due to Petitioner's failure to properly commence it.  Dkt. No. 2, Administrative Order.  Petitioner was given thirty (30) days to either (1) pay the statutory filing fee or (2) submit a properly certified application to proceed in forma pauperis ("IFP").  *Id.* at 2.[1]

---

[1]  The statutory filing fee for a federal habeas corpus action is $5.00.  28 U.S.C. § 1914(a).

1

Petitioner remitted the statutory filing fee, and the case was restored to the Court's active docket.  Dkt. Entry dated 04/20/26 (memorializing receipt information for the filing fee transaction); Dkt. No. 4, Text Order (reopening case).

## II.    RELEVANT BACKGROUND

Petitioner is currently a defendant in a pending federal criminal prosecution in this Court.   Pet. at 4, 11; *see also United States v. Davis et al.*, No. 8:25-MJ-0169 (GLF) ("*Gortman I*"), Dkt. No. 1, Criminal Complaint.  Petitioner and one other co-defendant were charged with conspiracy and knowingly and intentionally possessing methamphetamine, cocaine, crack cocaine, and fentanyl with the intent to distribute.  *Gortman I*, Dkt. No. 1, Criminal Complaint.

Petitioner appeared, with attorney Dean Schneller, for an initial appearance on June 5, 2025, whereupon he was detained pending further argument at a detention hearing scheduled for June 10, 2025.  *Gortman I*, Text Minute Entry dated 06/05/25; *Gortman I*, Dkt. No. 7, Detention Order; *Gortman I*, Dkt. No. 12, Notice of Appearance.  At the subsequent hearing on June 10, 2025, petitioner's counsel unsuccessfully argued for petitioner's release on conditions. The Court remanded petitioner pending trial.  *Gortman I*, Text Minute Entry dated 06/10/25; *Gortman I*, Dkt. No. 16, Order of Detention.

Several consents to exclude time were entered by the prosecutor and Schneller between June 15, 2025, and October 16, 2025.  *Gortman I*, Dkt. Nos. 19, 21-23, 25, 27-29, 31, 33.  On November 13, 2025, petitioner appeared, with Schneller, for an attorney representation hearing.  *Gortman I*, Text Minute Entry dated 11/13/25.  At the conclusion of the hearing, the Court ordered Schneller relieved as counsel and appointed Frank Zappala to

2

replace him.  *Gortman I*, Text Minute Entry dated 11/13/25; *Gortman I*, Dkt. No. 35, Order Terminating Appointment; *Gortman I*, Dkt. No. 37, Second Notice of Appearance.

More consents to exclude time followed between November 17, 2025, and March 5, 2026.  *Gortman I*, Dkt. Nos. 38, 42-43, 48-49, 52-53.  On March 10, 2026, petitioner moved for reconsideration of the detention order.  *Gortman I*, Dkt. No. 54.  At the conclusion of a March 24, 2026 hearing, the Court asked petitioner's counsel to submit additional documentation with a summary of petitioner's change in circumstances as well as a status report and projected time frame for completion of the instant case.  *Gortman I*, Text Minute Entry 03/24/26.

A preliminary hearing was also scheduled.  *Gortman I*, Dkt. Entry dates 04/06/26; Dkt. No. 56, Letter Request (seeking to reschedule preliminary hearing to April 23, 2026); *Gortman I*, Text Order dated 04/08/26 (granting letter request); *Gortman I*, Dkt. No. 57, Letter Request (seeking to reschedule preliminary hearing to May 28, 2026); *Gortman I*, Text Order dated 04/14/26 (granting letter request).  A final stipulated exclusion occurred on May 12, 2026, *Gortman I*, Dkt. No. 60, prior to petitioner's counsel seeking an attorney representation hearing to determine whether his continued appointment for petitioner was appropriate, *Gortman I*, Dkt. No. 62.  The attorney representation hearing is scheduled for May 21, 2026. *Gortman I*, Dkt. Entry dated 05/19/26.

## III.   THE PRESENT PETITION

Petitioner challenges his pretrial detention in the Essex County Correctional Facility. Pet. at 1.  Petitioner argues that he is entitled to relief because (1) his Fifth Amendment rights have been violated by his unlawful detention without filing formal charges; (2) his Sixth Amendment right to a speedy trial has been violated by the excessive, unjustified, and

prejudicial delay petitioner has experienced since he was taken into custody on June 3, 2025; and (3) petitioner's fundamental rights to justice and due process have been violated by his excessive pretrial detention.  Pet. at 2.

Petitioner contends that he "has no adequate or effective remedy available other than habeas corpus, as no charges or proceedings exist through which relief can be sought."  Pet. at 3.

Finally, petitioner requests immediate release from custody and any other relief the Court deems just and proper.  Pet. at 3.  The petition was filed on March 19, 2026.  *Id.*

## IV.    DISCUSSION

"'Where a [federal criminal] defendant is awaiting trial, the appropriate vehicle for violations of his constitutional rights are pretrial motions or the expedited appeal procedure provided by the Bail Reform Act, 18 U.S.C. § 3145(b), (c), and not a habeas corpus petition.'"  *Miao v. Warden*, No. 1:24-CV-3987, 2026 WL 1011345, at *2 (E.D.N.Y. Apr. 14, 2026) (quoting *Whitmer v. Levi*, 276 F. App'x 217, 219 (3rd Cir. 2008)); *see also Parks v. United States*, No. 1:21-CV-0029, 2021 WL 8391657, at *3 (W.D.N.Y. Mar. 22, 2021) (citing cases).  Petitioner is represented by counsel in his criminal case.  Despite the pending attorney representation hearing, the Court is still confident that, in the event petitioner and Zappala part ways, another attorney will be appointed in Zappala's place.  Thus, contrary to petitioner's representation that there is no procedural pathway available to him to make these arguments other than a habeas petition, all the challenges petitioner seeks to make regarding his criminal prosecution can be raised in his pending criminal proceeding.  Accordingly, a habeas petition is not the appropriate vehicle to utilize to secure said relief.

"Moreover, the petition must also be denied under the abstention doctrine articulated in *Younger v. Harris*, which requires courts to abstain from acting in a criminal prosecution when the defendant 'has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief.'" *Miao,* 2026 WL 1011345, at *2 (quoting 401 U.S. 37, 43-44 (1971) and citing cases).[2]  Accordingly, because petitioner has such a remedy in his pending criminal case through pretrial motions and the Bail Reform Act, his present petition cannot proceed.

V.    **CONCLUSION**

**WHEREFORE**, it is

**ORDERED** that the Petition, Dkt. No. 1, be **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  May 29, 2026
        Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[2] "Under *Younger v. Harris*, 401 U.S. 37 (1971), a federal district court must abstain from adjudicating claims seeking to dismiss or enjoin pending state criminal proceedings."  *Griffin v. Warden of Otis Bantum Corr. Ctr.*, No. 1:20-CV-1707, 2020 WL 1158070, at *2 (S.D.N.Y. Mar. 10, 2020).  While *Younger* applies explicitly to pending state court claims, "federal courts have applied the abstention doctrine . . . when asked to enjoin or dismiss enforcement of federal criminal proceedings." *Ali v. United States*, No. 12-CV-0816A, 2012 WL 4103867, at *1 (W.D.N.Y. Sept. 14, 2012) (citing cases); *see also Ceglia v. Zuckerberg,* 600 Fed. App'x 34, 37-38 (2d Cir. 2015) (holding that abstention should bar a federal civil court from interfering with a pending federal criminal prosecution where "the defendant has the opportunity to offer a defense in the criminal prosecution . . . in a federal forum[.]"); *Thomas v. Ramos*, No. 1:20-CV-3422, 2020 WL 2192716, at *2 (S.D.N.Y. May 5, 2020) (explaining *Younger*'s holding, that equitable principles compel federal courts to abstain from enjoining ongoing criminal prosecutions whereupon the prosecution itself provides a legal remedy, and concluding that "when asked to intervene in pending federal criminal proceedings, courts have inevitably refused.") (citing cases).